# THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

| | | | |
|---|---|---|---|
| DR. JEFFREY CHIJIOKE-UCHE | : | CIVIL ACTION | |
| | : | NO. **2024-1254** | |
| Appellant, | : | | |
| v. | : | | |
| GENERAL MOTORS FINANCIAL, GMF. | : | | |
| Appellee. | : | | |

**AND**

| | | | |
|---|---|---|---|
| DR. JEFFREY CHIJIOKE-UCHE | : | CIVIL ACTION | |
| | : | NO. **2024-1255** | |
| Appellant, | : | | |
| v. | : | | |
| GENERAL MOTORS | : | | |
| Appellee. | : | | |

**RESPONSE TO ORDER TO SHOW CAUSE**

My name is *Dr. Jeffrey Chijioke-Uche*. I am a **Pro Se** as the Plaintiff(appellant) on the appealed cases (CASE NO. 2024-1254 & CASE NO. 2024-1255). I would like to inform this appellant court "*respectfully*" that I prefer to be addressed as ***Dr. Chijioke-Uche*** (Not as Mr. Chijioke-Uche, given that my official title is Dr. and not Mr.) Hereintherefore, I showed Cause why these appeals should NOT be transferred OR dismissed for lack of Jurisdiction. Be aware that **both** cases are **JURY** TRIAL cases **demanded** by Appellant (Plaintiff) at the *federal district court*. The **Jury** trial date is **not** yet scheduled by the federal district court. Take note of this.

**APPELLANT'S(DR. CHIJIOKE-UCHE'S) RESPONSE TO SHOW CAUSE WHY THESE APPEALS SHOULD NOT BE TRANSFERRED OR DISMISSED FOR LACK OF JURISDICTION**

I. INCORRECT STATEMENTS ON THE COURT OF APPEALS ORDER OF 1/18/2024
*Table 1.0.0: Correction of Statements on the Order of 1/18/2024*

| S/N | Court of Appeals Order of 1/18/24 Incorrect/Wrong Statement: | Dr. Chijioke-Uche's Correct Case Status from the Trial Court: |
|---|---|---|
| 1 | The Court of Appeals Order of 1/18/2024 INCORRECTLY/WRONGLY stated that:<br><br>*Mr. Chijioke-Uche's operative complaints in these **cases** assert claims against* | **A)** For Case No. 2024-1254:<br>*Plaintiff's complaint against General Motors Financial (**GMF**) is for the **violation** of FCRA 15 U.S. Code § 1681 et seq. (**The Fair Credit Reporting Act**). The Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., is a United* |

| | |
|---|---|
| *private entities in connection with an alleged "**wrongful repossession of his automobile**".*<br><br>*(See **EXHIBIT-1**)* | *States **federal law** enacted to promote the **accuracy** of consumers' credit information published on the national Credit Reporting Agencies credit report file). This case is **NOT** for "**wrongful repossession of automobile**" as incorrectly stated by the Court of Appeals in the Order of 1/18/2024. **General Motors Financial [GMF]** ("**a subsidiary business owned by General Motors**) published inaccurate plaintiff's information on national Credit Reporting Agencies report file, which is a violation of the FCRA, a Federal Law. This case originated from United States District Court for the Eastern District of Pennsylvania. This case is bifurcated into LIABILITY & DAMAGE **jury** trials by the originating court's ruling ("See **EXHIBIT-2**"). So, GMF violated a federal law. [This is the correct complaint status of the case].*<br><br>**B)** For Case No. 2024-1255: *Plaintiff's complaint against **General Motors [GM]** ("**the owner of General Motors Financial – a consumer credit furnisher**") is for the violation of MMWA (**Magnuson–Moss Warranty Act**) ("See **EXHIBIT-3** & **EXHIBIT-4**"). The Magnuson–Moss Warranty Act is a United States **federal law** , the federal statute of the law governs warranties on consumer products. Plaintiff purchased General Motors (GM) manufactured product "a vehicle") which came with a WARRANTY which was violated by GM. So, GM violated a Federal Law. This case is also for GM's violation of Contract that stated the Warranty received by Plaintiff. This case is bifurcated into LIABILITY & DAMAGE **jury** trials by the originating court's ruling ("See **EXHIBIT-3** & **EXHIBIT-4**"). This case is **NOT** for "**wrongful repossession of automobile**" as incorrectly stated by the Court of Appeals in the Order of 1/18/2024. [This the correct complaint status of the case.]*<br><br>**C)** Both Cases are NOT the same: *The Court of Appeal Order of 1/18/2024 assumed that the two Cases* |

| | | |
|---|---|---|
| 2 | | *[2024-1254] & [2024-1255] are of the same charges AND the Court of Appeal Order incorrectly stated that Plaintiff's operative complaint for both cases is for "**wrongful repossession of his automobile**". This is **NOT** correct and should not be in any way used in this case as the operative complaint because it is not. Paragraphs [A] & [B] above have cleared this incorrect statement in the Court of Appeals Order of **1/18/2024** with respect to the Complaints for the two cases respectively. Plaintiff did NOT supply this incorrect complaint of "**wrongful repossession of his automobile**". This is important to note that this complaint statement of "**wrongful repossession of his automobile**" as the operative of complaints for both cases is INCORRECT. It is imperative to note also that both **GMF** & **GM** violated **two** different **Federal Laws** clarified above by paragraphs **[A]** and **[B]** above under this table column. Plaintiff recommend that the incorrect complaint statement should **not** be used in both cases going forward for the interest of justice and to avoid confusion in the cases. Plaintiff is requesting that the correct complaint statement should be used.* |
| 2 | The Court of Appeals Order of 1/18/2024 stated that:<br><br>EQUIFAX INFORMATION SERVICES, LLC is a Defendant and the Order listed EQUIFAX INFORMATION SERVICES, LLC in the case short Caption as the first defendant. | For Case No. 2024-1254:<br><br>EQUIFAX INFORMATION SERVICES, LLC is **NOT** a Defendant in this case and EQUIFAX INFORMATION SERVICES, LLC is **NOT** a party in this case. EQUIFAX INFORMATION SERVICES, LLC should **NOT** be stated anywhere in this appeal court as a defendant because that is misleading & confusing in the Court document. Pursuant to *Federal Rule of Civil Procedure 7.1(a)(2),* it states that the caption should "…………the first named *defendant. In this case, the first named Defendant is:* **General Motors Financial (GMF)** *("a business owned by General Motors [GM]). The ONLY defendant in this case is:* **General Motors Financial (GMF)** *("a business owned by General Motors [GM]). Plaintiff request that the correct captions be used in this case.* |

| | | |
|---|---|---|
| | | *Non-Party cannot be referenced in this case as the defendant for the interest of Justice and to avoid confusion. The Court Order incorrectly stated the defendant as* EQUIFAX INFORMATION SERVICES, LLC. |
| 3 | The Court of Appeals Order of 1/18/2024 INCORRECTLY stated that defendant's name as:<br><br>AMERICREDIT FINANCIAL SERVICES, INC. | The correct identification of this Defendant on Plaintiff's Contract is: **GENERAL MOTORS FINANCIAL(GMF)**. It is the exact name Plaintiff sued. This is a subsidiary business Owned by GENERAL MOTORS LLC. GMF business is to offer auto-loan and publish consumer credits to the US national CRAs credit files. They obligated for follow FCRA (***The Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.***). *GENERAL MOTORS FINANCIAL(GMF) is the name to use in this case. GMF* <u>*violated*</u> *FCRA (**The Fair Credit Reporting Act**) in this case & this is the correct pending claim/complaint in the case. They also committed fraud.* |
| 4 | The Court of Appeals Order of 1/18/2024 INCORRECTLY stated that:<br><br>GENERAL MOTORS LLC was sued by Mr. Chijioke-Uche for ***"wrongful repossession of his automobile"***. | The correct information is that **GENERAL MOTORS LLC (GM)** is the parent company of GENERAL MOTORS FINANCIAL(GMF)- So, GM is the owner of GENERAL MOTORS FINANCIAL(GMF). GENERAL MOTORS (GM) business is to produce vehicles with Warranty. GM <u>**violated**</u> MMWA *(**Magnuson—Moss Warranty Act**) in this case & this is the correct pending claim/complaint in this case. They also committed fraud.*<br><br>Both GENERAL MOTORS (GM) and GENERAL MOTORS FINANCIAL(GMF) <u>connived</u> to violate <u>**federal laws**</u>: **MMWA** and **FCRA** respectively. Also, both <u>connived</u> to commit <u>fraud</u>, thereby harming the appellant with a lot of damages and injuries. For the interest of justice, this appellant court must hear these cases to correct the errors which both defendants created by manipulating the originating court when these cases were re-assigned to a new judge, given that the former judge in the cases (Judge Robreno) retired. |
| | The Appellant's Court Order of **01/18/2024** contains an erroneous and wrong statement regarding Dr. Jeffrey Chijioke-Uche's CASE NO. 2024-1254 and CASE NO. 2024-1255 operative complaints respectively. This **erroneous** statement by the Order of 01/18/2024 regarding Dr. Chijioke-Uche's operative complaints on both cases to be ***"wrongful repossession of his automobile"*** *renders th Order's opinion and conclusion incorrect as the Order relied on* | |

> *the erroneous complaint statement to conclude that it doesn't have jurisdiction. So, for this reason, these cases should **not** be transferred OR dismissed for lack of Jurisdiction. This Court has the Jurisdiction. The EXHIBITS which are Court Orders attached proved the correct reasons the case was filed at this court by the Trial Court's CLERK upon Dr. Jeffrey Chijioke-Uche's Notice of Appeal via email to the Trial Court's CLERK.*

## II. JURISDICTION

The United States **Federal Courts** are divided into **three** levels: *the United States Supreme Court*, *the United States Courts of Appeals*, and the *United States District Courts*. The *UNITED STATES DISTRICT COURT* FOR THE EASTERN DISTRICT OF PENNSYLVANIA is one of three district courts in the state of Pennsylvania as a federal district court.

Attached as **EXHIBIT-5** is the outline of the *jurisdiction* for *the United States Federal Court of Appeals for the Federal Circuit* obtained from the U.S Court of Appeals for Federal Circuit's Website as an Official publication. EXHIBIT-5 stated:

> "The U.S. Court of Appeals for the Federal Circuit is unique among the thirteen circuit courts of appeals. It has **nationwide jurisdiction** in **a variety of subject areas**, including international trade, government contracts, patents, trademarks, certain monetary claims against the United States government, federal personnel…
>
> Appeals to the Federal Circuit come from **all federal district courts**, the U.S. Court of Federal Claims, the U.S. Court of International Trade, and the U.S. Court of Appeals for Veterans Claims..."

Dr. Chijioke-Uche's Case No. 2024-1254 and Case No. 2024-1255 both originated from THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA, a **federal district court**. The U.S. Court of Appeals for the Federal Circuit have jurisdictions on all **federal law** subject areas which the *federal district courts* have jurisdiction on. *So, for this reason, these cases should not be transferred OR dismissed for lack of Jurisdiction.*

Dr. Chijioke-Uche's Case No. 2024-1254 complaint subject area at the federal district court is *FCRA 15 U.S. Code § 1681 et seq.* (**The Fair Credit Reporting Act**), a **federal law**; while Dr. Chijioke-Uche's case No. 2024-1255 complaint subject area at the federal district court *is MMWA* (**Magnuson–Moss Warranty Act**), a **federal law**. ("*See EXHIBITS 2,3 & 4*"). Any federal law is a national law, and the U.S. Court of Appeals for the Federal Circuit has **national jurisdiction** on all federal laws pursuant to EXHIBIT-5. *So, for this reason, these cases should not be transferred OR dismissed for lack of Jurisdiction.*

On December 1, 2023, at the originating court/trial court (THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA, a federal district court), Dr. Chijioke-Uche sent "**Notice of Appeal**" to the clerk of the **Trial Court** to appeal the trial court **Order** of 11/21/2023 which "*excluded Dr. Jeffrey Chijioke-Uche's **JURY Trial Exhibits**"* ("See EXHIBIT-6 & EXHIBIT-7"). Federal civil procedure permits parties to appeal a judge's order in the **Federal District Court**. The specific rules and procedures for appeals are governed by the Federal Rules of Appellate Procedure (FRAP) which states that:

1. Appealable Orders:
   - However, certain **non-final orders** may also be appealable if they meet specific criteria, such as:
      i. Interlocutory orders that effectively dictate the outcome of the case.
      ii. Orders that create **irreparable harm** if not appealed immediately.
2. Time Limit for Filing an Appeal:
   - The deadline for filing an appeal is typically **30 days** from the date of the entry of the order being appealed.
   - This deadline is jurisdictional, meaning if a party misses it, they generally forfeit their right to appeal.

Pursuant to **28 U.S. Code § 1292 - Interlocutory decisions, (a)(1)** states that, THE UNITED STATES FEDERAL COURT OF APPEALS "shall **have jurisdiction** of appeals from: **Interlocutory** orders of the *federal district courts* of the United States………." Interlocutory orders in a federal district court are Judge orders that are issued during the course of a lawsuit but do **not** completely resolve all claims or *end the litigation*. They are essentially orders on intermediate issues or motions that arise before a trial took place or final judgment is entered. Interlocutory orders are appealable when they **effectively dictate** the outcome of the case in a trial or create **irreparable harm** if not appealed right away. Such interlocutory Orders in civil cases include:

a) **Discovery Orders**: Orders that grant or deny discovery requests, such as motions to compel production of documents or depositions.
b) **Motions to Dismiss or Strike**: Orders that grant or deny motions to dismiss certain claims or defenses.
c) **Summary Judgment Orders**: Orders that grant or deny motions for summary judgment, which seek to resolve the case without a trial if there are no disputed factual issues.
d) **Evidence Orders**: Orders that rule on the admissibility of evidence, such as excluding certain exhibits or testimony.
e) **Class Certification Orders**: Orders that grant or deny class certification in class action lawsuits.
f) **Injunctions**: Orders that prohibit or require certain actions during the pendency of the litigation.
g) **Jury Trial Exhibit Exclusion/Stricken Order**: A jury trial exhibit exclusion/stricken order is an interlocutory order that prevents a specific piece of evidence (an exhibit) from being presented to the jury during trial. The excluded evidence cannot be considered by the jury in reaching their verdict. This type of Order may prejudice the party affected by the Order if not appealed. The harm caused by this type of Order is **irreparable**. Thus, needs to be appealed in 30 days.

In Dr. Jeffrey Chijioke-Uche's CASE NO. 2024-1254(Originating Case No. CV-04006) and CASE NO. 2024-1255(Originating Case No. CV-0216) appealed in this court, the trial court's Order of 11/21/2023 for both cases ("**See EXHIBIT-6 & EXHIBIT-7**") are JURY TRIAL EXHIBITS EXCLUSION/STRICKEN ORDER by Judge Pappert ("**the new trial Judge**") where the Order is an interlocutory order which originated from defendants' re-filed *Motion in Limine to Strike Plaintiff's Jury Trial Exhibits* under Judge Pappert which **JUDGE ROBRENO** [rtd] ("**former trial Judge**") **DENIED** defendants multiple times the same re-filed *Motion in Limine to Strike Plaintiff's Jury Trial Exhibits* under JUDGE ROBRENO[rtd]. The interlocutory Order of 11/21/2023 excluded ALL the Plaintiff's (Dr. Chijioke-Uche's) liability exhibits for Jury Trial which

**JUDGE ROBRENO** [rtd] ("**former trial Judge**") previously Ordered to STAY. This was because of a gross **error** by Judge Pappert ("**the new trial Judge**") [*Details will be filed via the INFORMAL BRIEF OF APPELLANT by 2/12/2024 as Ordered by this Appellant Court*] ("See **EXHIBIT-8: Brief of Appellant Schedule for 2/12/2024**"). The interlocutory Order of 11/21/2023 effectively dictates the outcome of the CASES to favor Defendants & prejudice Plaintiff ("Dr. Chijioke-Uche"). From 11/21/2023 the day the interlocutory Order was issued by Judge Pappert ("**the new trial Judge**"), Dr. Chijioke-Uche had **30-Days** to Appeal the Interlocutory Order OR else it becomes final judgement, and the cases will proceed to Jury Trial **without** Plaintiff (Dr. Chijioke-Uche) having any liability claim exhibits to present to jury. So, the **exclusion/stricken** of Plaintiff's (Appellant's) jury trial exhibits by the federal district court's **interlocutory Order** of 11/21/2023 will **effectively dictate** the outcome of the case to favor defendants and prejudice Plaintiff (Appellant). As previously mentioned above, on 12/1/2023, the notice of appeals for both cases were **emailed** by *Dr. Chijioke-Uche* to THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA **clerk** and on the **email** the letter was addressed as:

    [VIA Email]
    The Court Clerk:
    Honorable Judge Gerald J. Pappert
    11614 U.S. Courthouse
    601 Market Street
    Philadelphia, PA 19106

Given that the Court **Clerk** of the originating/*trial court* (IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA, a **federal district court**) has a **full knowledge** of which federal appeal court has the **jurisdiction** to handle such appeal requested **via email** by *Dr. Chijioke-Uche*, then, the trial court's CLERK **used her capacity** to file the appeal CASE NO. 2024-1254 & CASE NO. 2024-1255 at THE UNITED STATES FEDERAL COURT OF APPEALS FOR THE FEDERAL CIRCUIT. The trial court CLERK did **not** file the case in an error because she ("*as the Clerk*") knew very well that THE UNITED STATES FEDERAL COURT OF APPEALS FOR THE FEDERAL CIRCUIT **has the jurisdiction** to hear the appeals for CASE NO. 2024-1254 and CASE NO. 2024-1255, given that both cases have their complaints as FCRA *(**The Fair Credit Reporting Act**), a **federal law**)* & MMWA *(**Magnuson–Moss Warranty Act**), a **federal law**)respectively. If this Appellant Court LACKS the jurisdiction to hear both appeals, then the trial court clerk wouldn't have FILED the appeal at this appellant court RATHER should've FILED the appeals at any other appellant court with jurisdiction. For the fact the **trial court clerk** has the full knowledge of the correct Operative complaints for Dr. Chijioke-Uche's cases, the trial court Clerk filed the Dr. Chijioke-Uche's appeals at the appropriate appellant court which is this particular UNITED STATES FEDERAL COURT OF APPEALS FOR THE FEDERAL CIRCUIT. So, for this reason, these cases should not be transferred OR dismissed for lack of Jurisdiction.*

### III. CONCLUSION

For the foregoing reasons, Plaintiff (Appellant) respectfully request that this Court *should **not** transfer OR dismiss these cases pending in this court for lack of Jurisdiction because this Appellant Court has the **jurisdiction** to hear the appeal filed by the Trial Court Clerk upon Dr. Chijioke-Uche's Notice of Appeal to the Trial Court on 12/1/2023. The correct Dr. Chijioke-Uche's operative complaints on both cases are FCRA (**The Fair Credit Reporting Act**), a **federal law**) and MMWA (**Magnuson–Moss Warranty Act**), a **federal law**) respectively NOT "wrongful repossession of automobile."*

Pursuant to **28 U.S. Code § 1292 - Interlocutory Decisions, (a)(1),** *the federal district court* Order of 11/21/2023 is an *Interlocutory Order* which this appellant court has the <u>jurisdiction</u> on by law. For the interest of justice, this federal appellant court should resolve the gross <u>errors</u> in the federal district court interlocutory Order of 11/21/2023 regarding appellant's federal laws evidence et al. which was <u>**excluded/stricken**</u> by the federal district court before going to jury trial – as the Order exclusion/stricken of the jury trial exhibits prejudiced appellant. Pursuant to **EXHIBIT-8:** *Schedule* of **Brief of Appellant (Document 1)** which is scheduled by this appellant court for **2/12/2024** as <u>due date</u> to file. By this due date set by this Appellant Court, Dr. Jeffrey Chijioke-Uche (**Appellant**) will file Informal Brief of Appellant with details of the gross <u>errors</u> pertaining to the *Federal Laws* and *Federal Civil Procedures* in the Federal District Court **Interlocutory Order** of 11/21/2023 which will <u>**effectively dictate**</u> the outcome of the cases to favor defendants and prejudice Appellant (Plaintiff) if <u>**not**</u> fixed. The trial court incorrectly fails to take into account facts, the trial court "**new Judge**" fails to apply the Order/Laws previously ruled by the "**former Judge**" in the cases, and the trial court fails to consider important grounds in the order. As the cause shown above, this appellant court has the **jurisdiction** to fix these Interlocutory Order errors in these two cases – The cases cannot be transferred OR dismissed by this appellant court. It is for the interest of justice in the face of the law to continue to uphold human dignity in the U.S Judiciary system for ALL Americans equally.

Respectfully submitted, this day 21st Day of January 2024.

                                        **/s/Dr. Jeffrey Chijioke-Uche**
                                        Dr. Jeffrey Chijioke-Uche
                                        Plaintiff, Pro Se

---

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **21st day of January 2024.** Parties may access this filing through the Court's electronic filing (ECF System).

Respectfully submitted this **21st day of January 2024**

| | |
|---|---|
| Andrew K. Stutzman, <br> astutzman@stradley.com <br> **GMF Defense Counsel** | Christopher A. Reese, <br> creese@stradley.com <br> **GMF Defense Counsel** |
| Mark W. Skanes, Attorney <br> Email: mskanes@rosewaldorf.com <br> **GM Defense Counsel** | |

<u>/s/ *Dr. Jeffrey Solomon Chijioke-Uche*</u>
*Dr.* Jeffrey Solomon Chijioke-Uche,
*Pro Se.*